UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Tanya Lynn Cetina, | ) | C/A: 6:12-2222-HMH-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Michelin North America;<br>Newbold Services;<br>Clint Morgan;<br>Dave Murphy;<br>Dave Brown;<br>Dave Mauger;<br>Sandra Chavez, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, filed this action raising a number of unspecified allegations, some of which the Court has construed as alleging discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").[1] The Complaint appears to name as defendants the business at which Plaintiff performed her work; the contractor that directly employed Plaintiff; various employees of the defendant businesses; and Sandra Chavez ("Chavez"), an investigator with the U.S. Equal Employment Opportunity Commission ("EEOC"). For the reasons explained below, the Complaint should be dismissed as to Chavez for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319.

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the

2

development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently clarified that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at 677–78; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[2] *Iqbal*, 556 U.S. at 678; *Twombly*, 550

---

[2] Although in *Iqbal* the Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), the Court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A because *Iqbal* discusses the general pleading standards

U.S. at 570. Additionally, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## BACKGROUND

Attachments to Plaintiff's Complaint reveal that she wrote to Chavez on June 10, 2012 to "formally request[]" a "Right to Sue Letter." (ECF Entry No. 1-2 at 37.) It appears that the EEOC had assigned Chavez to Plaintiff's claim that Defendant Newbold Services fired her in retaliation for a previous EEOC charge of discrimination.[3] (*See* ECF Entry No. 1-2 at 25.) In response to her letter to Chavez, Plaintiff received a "Notice of Right to Sue (Issued on Request)" from the Charlotte, North Carolina EEOC office, dated June 19,

---

of FRCP 8, which apply in all civil actions. *See Iqbal*, 556 U.S. at 677–81. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in FRCP 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail [ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning." (alteration in original)).

[3] Plaintiff had filed a charge with the EEOC against both Defendant Newbold Services and Defendant Michelin North America in December 2010. (*See* ECF Entry No. 1-2 at 13, 15.) At the conclusion of that EEOC investigation, Plaintiff received a "Dismissal and Notice of Rights" dated January 23, 2002, listing "Andrea T. Michaelson" as "Investigator." (*Id.* at 31.) The January 23 notice informed Plaintiff that, "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (*Id.*) Ms. Michaelson wrote separately to explain, "There is insufficient evidence to show that you were discriminated against," and "it is unlikely that further investigation of your charge will result in a finding that a violation of the law(s) under which you filed your charge has occurred." (*Id.* at 30.) Thus, the EEOC dismissed Plaintiff's charge and closed her file. Although Plaintiff could have brought suit pursuant to this earlier notice, there is no indication that she did. (*See id.* at 31 ("You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.").)

2012. (ECF Entry No. 1-1 at 1; *see also* Entry No. 1-2 at 38 (duplicate).) The Notice indicated Chavez was the "Investigator." (ECF Entry No. 1-1 at 1.)

In the Complaint, Plaintiff alleges, "The SC EEOC in Greenville transferred my case to Nor[t]h Carolina[.] Sandra Chasvez refused to investigate or com[m]ent on why." (ECF Entry No. 1 at 2.) Plaintiff's prayer for relief asks for her daughter's safe return[4] and monetary damages. (*Id.* at 6, 8.)

## DISCUSSION

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII adds,

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, . . alleging that an employer . . . has engaged in an unlawful employment practice, the Commission shall . . . make an investigation thereof. . . . If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. . . .

42 U.S.C. § 2000e-5(b). The associated regulation also provides, "The investigation of a charge *shall* be made by the Commission . . . ." 29 C.F.R. § 1601.15(a) (emphasis added).

A finding that there is no reasonable cause to support a charge, however, is not the only possible end to a filing. If, within at least 180 days, the Commission has not filed a civil action against or entered into a conciliation agreement with the charged employer, it "shall so notify the person aggrieved and within ninety days after the giving of such notice

---

[4] Plaintiff alleges her parental rights have been terminated because she filed an EEOC complaint and charges. (ECF Entry No. 1 at 1.)

5

a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5(f)(1).

There is no basis in law for Plaintiff's claim against Chavez. All circuit courts that have addressed the issue agree that "a private-sector employee has no cause of action against the EEOC for its failure to process a charge of discrimination."[5] *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (listing cases); *see also Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."); *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997) ("Title VII provides no cause of action—either express or implied—against the EEOC for claims of procedural defects."); *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991) ("The circuits which have addressed this issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim."). Further,

> [T]he legislative history of the 1972 amendments to Title VII reveals that Congress intended the private right of action provided for in 706(f)(1) of the Act (42 U.S.C. § 2000e-5(f)(1))—*under which an aggrieved employee may bring a Title VII action directly against his or her employer*—to serve as the remedy for any improper handling of a discrimination charge by the EEOC.

*Smith*, 119 F.3d at 3 (emphasis added). The private right of action, where the claim is reviewed de novo, is key because, even if the EEOC failed to fulfill a statutory duty, no

---

[5] In this instance, a suit against an agency official is treated as a suit against the agency itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985))).

harm results to the claimant. *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (quoting *Gibson v. Missouri Pac. R.R.*, 579 F.2d 890, 891 (5th Cir. 1978)); *Georator Corp. v. E.E.O.C.*, 592 F.2d 765, 767 (4th Cir. 1979) ("Title VII details the procedures for civil action in an employment discrimination case, but does not provide for preliminary review of the Commission's determination of reasonable cause. Even when suit is brought later by either the EEOC or the charging party, the trial is De novo, and the court will not determine whether substantial evidence supported the Commission's preadjudication finding of reasonable cause." (citations omitted)).

The EEOC's decision to close Plaintiff's charge was not ultimately determinative of her case. There is no finality to an EEOC determination of probable cause, much less a closing based upon the passage of time: "Standing alone, it is lifeless, and can fix no obligation nor impose any liability" on the employer. *Id.* at 768; *see also Johnson v. Rodriguez*, 943 F.2d 104, 110 (1st Cir. 1991) ("'Because a determination of [probable] cause is nonbinding and nonfinal, investigative and not adjudicative, we cannot say that the failure to receive such a determination represents any loss that implicates the Due Process Clause.'" (alteration in original) (citation omitted)). The only possible harm to Plaintiff was "the loss of alleged statutory rights to administrative assistance in the vindication of underlying, fundamental statutory and constitutional interests. The interests themselves have not been lost, only the help that Congress intended charging parties receive in vindicating those rights." *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 18 (1st Cir. 1979).

Thus, Chavez's actions or lack of action failed to affect Plaintiff's rights or remedies: "The proper course for a private plaintiff whose claim the EEOC mishandled is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC." *Jordan*, 205 F.3d at 342. Regardless of the position the EEOC takes, the charging party can sue in her own right. *Georator Corp.*, 592 F.2d at 769; *see also Newsome*, 301 F.3d at 232 (noting the EEOC's "'adverse determination could not have precluded, and in fact did not preclude, the present suit by [Plaintiff]'" (quoting *Gibson*, 579 F.2d at 891)). Because Plaintiff has not set forth a cognizable claim, her suit should be summarily dismissed against Chavez.

## RECOMMENDATION

Accordingly, the Court recommends that the Complaint in the above-captioned case be dismissed without prejudice with respect to Defendant Chavez.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 2, 2012
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina  29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).