IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tanya Lynn Cetina, ) | |
| ) | C.A. No. 6:12-2222-HMH-JDA |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Michelin North America; ) | |
| Newbold Services; Clint Morgan; ) | |
| Dave Murphy; Dave Brown; ) | |
| Dave Mauger; Sandra Chavez, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Tanya Lynn Cetina ("Cetina"), proceeding pro se, filed a complaint asserting the following claims: hostile work environment, race discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq. Magistrate Judge Austin recommends that Defendant Chavez be dismissed from the case because no private right of action exists against the Equal Employment Opportunity Commission ("EEOC") or an employee of the EEOC acting in his or her official capacity. See Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000) ("It is well established that a private-sector employee has no cause of action against the EEOC for its failure to process a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

charge of discrimination."); Jensen v. Conrad, 570 F. Supp. 91, 98-99 (D.S.C. 1983) ("[A] suit against a public official in his public capacity is treated as a suit against the entity."). Cetina filed objections to the Report and Recommendation.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Cetina's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims. Therefore, after a thorough review, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein by reference.

Therefore, it is

**ORDERED** that Chavez is dismissed from the case.

**IT IS SO ORDERED**.

                                         s/Henry M. Herlong, Jr.
                                         Senior United States District Judge

Greenville, South Carolina
November 6, 2012

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.