IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tanya L. Cetina, | ) | |
|         Plaintiff, | ) | C/A No. 6:12-2222-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Michelin North America, | ) | |
| Newbold Services, Clint Morgan, | ) | |
| Dave Murphy, Dave Brown, and | ) | |
| Dave Mauger, | ) | |
| | ) | |
|         Defendants. | ) | |

On May 23, 2013, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Motions to Dismiss filed by Defendants Michelin and Mauger be granted. (ECF No. 192). The pro se Plaintiff was advised of her right to file objections to the Report (ECF No. 192-1) by June 10, 2013. However, the Plaintiff failed to file objections by that date, and this court issued an order adopting the Report on June 11, 2013. (ECF No. 194).

After these defendants were dismissed, the Plaintiff filed objections on June 12, 2013. (ECF No. 197), two days late. In her objections, Plaintiff explained that she was unable to timely file objections because she was incarcerated from May 6 until June 11, 2013. (ECF No. 197 - Objections at 1). Plaintiff stated that she did not receive the Report and Recommendation until June 11th, after being released from the Anderson County Detention Center *Id*. The court found that, even excusing Plaintiff's untimeliness, the objections were without merit. (ECF No. 202). Accordingly, on June 13, 2013, the court declined to revisit its prior order granting the Motions to Dismiss. *Id.*

Plaintiff has now filed a motion to reconsider the order dismissing Defendants Michelin and Mauger. (ECF No. 204). Motions for reconsideration, while not uncommon in federal

practice, are not recognized under the Federal Rules of Civil Procedure. *See Ambling Mgmt. Co. v. Univ. View Partners*, LLC, No. WDQ–07–2071, 2010 WL 457508, at *1 n. 3 (D.Md. Feb.3, 2010). Pursuant to the Federal Rules, however, a party can move for a new trial or to alter or amend a judgment pursuant to Fed.R.Civ.P. 59. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (citations omitted). Rule 59(e) motions, however, may not be used to raise new arguments which could have been raised prior to the issuance of the judgment or to argue a novel legal theory that the party could have addressed earlier. *Id.* at 403. "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citations omitted).

In her motion, Plaintiff again explains her tardiness in filing objections. However, even though untimely, the court considered the objections filed by Plaintiff. (ECF No. 202 at 2). Accordingly, the court need not address Plaintiff's arguments regarding the timeliness of her objections. In her motion, Plaintiff then states that her "objections are the same as what is already on file." (Mot. for Reconsideration at 1). She states that has never claimed Michelin was her employer, only that she was stationed at Michelin property when the alleged activities took place. (Motion to Reconsider at 3). She further contends that the violations and torts were committed by some Michelin employees. (Objections at 2). However, as the Magistrate Judge noted in her Report and Recommendation, Plaintiff must establish an employment relationship between her and Michelin to support the alleged violations of Title VII, the ADA, and the ADEA raised in her Complaint. (ECF No. 192 - Report at 10 n.4, 11). And as the Magistrate Judge also pointed out, it is apparent from her Complaint, that Plaintiff is alleging

2

only claims related to her employment. (*Id*. at 12 n. 5).[1]

After careful review of the record, the court concludes that no legally sufficient basis exists to alter or amend the court's June 11, 2013 Order. Plaintiff has failed to show any intervening change in controlling law, offer any new evidence, or show clear error of law or manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 204) is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 9, 2013

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.

---

[1] Moreover, the only Michelin employee referred to in the Complaint is Mauger. And in her response to Mauger's Motion to Dismiss, Plaintiff clarifies that her only claims against him are:

  1) sexual harassment in the workplace;

  2) Violations of the federal Code, Statute Title VII. ADA (Americans with Disabilities Act, Civil Rights act;

  3) Age Discrimination, in Employment as amended in 1967;

  4) Retaliation for filing EEOC complaint. Dec. 27, 2010 (Complaint original filed) called in or recorded telephone line.

(ECF No. 116-1). All of these claims would require Plaintiff to establish Michelin was her employer.