IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tanya Lynn Cetina, | C.A. No.: 6:12-cv-02222-TMC-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Newbold Services, Clint Morgan, Dave Murphy and Dave Brown, | **OF MAGISTRATE JUDGE** |
| Defendants. | |

This matter is before the Court having been recommitted by the district judge for pretrial handling with respect to sole unserved defendant, Dave Brown ("Brown"). [Doc. 246.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to hear and determine all pre-trial matters in cases involving litigation by individuals proceeding pro se.

## BACKGROUND

Plaintiff filed her Complaint on August 6, 2012 against Defendants Michelin North American ("Michelin"), Newbold Services ("Newbold"), Clint Morgan ("Morgan"), Dave Murphy ("Murphy"), Brown, Dave Mauger ("Mauger") and Sandra Chavez ("Chavez"). [Doc. 1.] Chavez was dismissed from the case on November 7, 2012. [Doc. 35.] Michelin and Mauger were dismissed from this action on June 11, 2013. [Doc. 194.] Newbold, Morgan, and Murphy were granted summary judgment as to Plaintiff's claims against them, and David T. Brown[1] was dismissed from the case on October 11, 2013. [Doc. 246.]

---

[1] The David T. Brown who was served in this matter was not the individual Plaintiff intended to sue; accordingly, Plaintiff consented to his dismissal from this action. [Doc. 199.]

With respect to the Brown named in this matter, Plaintiff failed to effect service after the filing of the Complaint. On October 2, 2012, Plaintiff was advised that service on Brown was not authorized because Plaintiff did not complete and submit a Form USM-285 to the United States Marshal for service of process. [Doc. 17.] The order further stated that

> Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 120 days after the complaint is filed, this court may dismiss an action without prejudice as to that defendant. Case law interpreting Rule 4(m) (or its predecessor, Rule 4(j)) has held that a complaint must be dismissed, absent a showing of good cause, if the complaint is not served within 120 days after it is filed.

[Doc. 17 at 1–2.] On March 4, 2013, Plaintiff called the Court and indicated that she had located a phone number for Brown and wanted to know how to proceed since the 120 days for service had passed. [Doc. 153.] On March 5, 2013, Plaintiff filed a motion for extension of time to serve Brown. [Doc. 155.]

On March 11, 2013, the Court denied Plaintiff's motion for extension of time, advising her that "the 120-day period for service of process upon Defendants expired on January 30, 2013, and to now attempt to effect service on Brown, Plaintiff must show good cause for the failure to serve Brown prior to January 30, 2013." [Doc. 156 at 4.] The Court found that Plaintiff's motion for extension of time failed to state good cause for the failure to serve Brown prior to January 30, 2013, despite the Court's warnings that Plaintiff must provide sufficient service information for each Defendant or face dismissal of any unserved Defendant. [*Id.*] On March 22, 2013, Plaintiff filed a renewed motion for extension of time to serve Brown [Doc. 166], which the Court granted on April 1, 2013, giving Plaintiff thirty days to effect service [Doc. 168].

A summons was issued for Brown on April 1, 2013, directed to the address provided by Plaintiff in her renewed motion [Doc. 166], as well as to the address provided on Form USM-285. [See, Docs. 170-171, 173.] Ultimately, the David T. Brown served was the wrong person. [Doc. 199.]

## APPLICABLE LAW

**Service of Complaint**

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed.R.Civ.P. 4(c)(1), (m). If a defendant is not served within the 120–day period, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period ." *Id.* Furthermore, "[e]ven if the [p]laintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted." *PerriClair v. Ace P'ship of Charleston SC*, 2011 WL 765671, *1 (D.S.C. Feb.23, 2011); *see* Fed.R.Civ.P. 4(m) advisory committee's notes (1993) ("[Rule 4(m) ] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

**DISCUSSION**

In this case, Plaintiff has failed to show that Brown has been served or meet the good cause dictates of Rule 4(m). Plaintiff has been given numerous opportunities to locate and serve the correct Brown and has failed to do so. Plaintiff has not completed a new USM-285 form for Brown or made any attempt to re-serve Brown. Furthermore, she has not advised the Court and parties previously served of the identity of the party not served and the reason that service has not been effected. [*See* Local Rule 4.01 which requires that "[i]n the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.] Brown should, therefore, be dismissed *sua sponte* as a defendant to this action. *See, e.g., Scott v. Hamidullah*, 2007 WL 904803 at *3 (D.S.C. March 21, 2007).

**CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends that Dave Brown be dismissed *sua sponte* as a defendant to this action.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

October 15, 2013
Greenville, South Carolina

4