IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tanya L. Cetina, | ) | |
| | ) | C/A No. 6:12-2222-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Michelin North America, | ) | |
| Newbold Services, Clint Morgan, | ) | |
| Dave Murphy, Dave Brown, and | ) | |
| Dave Mauger, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action alleging claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("AEDA"), and the Americans with Disabilities Act of 1990 ("ADA"), and state law claims against several defendants. Before the court is the magistrate judge's Report and Recommendation ("Report"),[1] recommending that the sole remaining unserved Defendant in this action be dismissed sua sponte. (ECF No. 248).[2] Plaintiff has timely filed objections. (ECF No. 258).

Rule 4(m) of the Federal Rules of Civil Procedure:

If a defendant is not served within 120 days after the complaint is filed, the

---

[1] Pursuant to the provisions of 28U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., all pretrial matters in cases alleging employment discrimination claims are referred to a United States Magistrate Judge for consideration.

[2] Defendant Sandra Chavez was dismissed on November 7, 2012. (ECF No. 35 ); Defendants Michelin North America and Dave Mauger were dismissed on June 11, 2013 (ECF No. 194); and Defendants Newbold Services, Clint Morgan, and Dave Murphy's Motion for Summary Judgment was granted on October 11, 2013 (ECF No. 246).

> court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The court calculates the 120-day period contemplated in Rule 4(m) from the date on which the Clerk of Court issued the original summonses, which in this case is October 2, 2012. *Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010). Accordingly, the 120-day period for service of process expired on January 30, 2013.

Because Plaintiff is proceeding in forma pauperis, she is entitled to have the Summons and Complaint served by the United States Marshals Service ("USMS"). *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3). *See also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("In forma pauperis plaintiffs must rely on the district court and the [USMS] to effect service of process according to 28 U.S.C. § 1915."). However, Plaintiff must provide sufficient information to locate a defendant with "reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 738–40 (11th Cir.2010).

The initial proper form order filed in this action states:

> Plaintiff must provide Defendant's complete **street** address on the form (not a post office box). Plaintiff must provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to a case.

(ECF No. 10) (emphasis in original). In response, Plaintiff listed Defendant Brown and noted that he and two other defendant may be found at "their workplace, Newbold Services," and she gave the address for Newbold. (ECF No. 13 at 2). However, in the same document, Plaintiff stated she was "still attempting to locate David Brown. No records found possibly hiding in OHIO. On the Run." (*Id*. at 3). Subsequently, on

2

October 2, 2012, the magistrate judge directed that Defendant Brown not be served

> because Plaintiff did not complete a Form USM-285 for this individual. Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 120 days after the complaint is filed, this court may dismiss an action without prejudice as to that defendant. Case law interpreting Rule 4(m)(or its predecessor, Rule 4(j)) has held that a complaint must be dismissed, absent a showing of good cause, if the complaint is not served within 120 days after it is filed. *See Mendez v. Elliot*, 45 F.3d 75, 78-80 (4th Cir.1995) (collecting cases).

(ECF No. 17 at 1-2).

Five months later on March 5, 2013, and after the 120-days had run, Plaintiff filed a Motion for an Extension of Time for Service of Defendant Dave Brown. (ECF No. 155). In her motion, Plaintiff asked the court "to consider Dave Brown's phone number to effect service upon him." (*Id*. at 1). On March 11, 2013, the magistrate judge denied the motion with leave to re-file and gave the Plaintiff ten days to re-file a motion in which she demonstrated good cause for her failure to timely serve Defendant Brown. (ECF No. 156). On March 22, 2013, Plaintiff filed a renewed motion for an extension of time to serve Defendant Brown (ECF No. 166), and on March 28, 2013, Plaintiff filed a proposed summons for Brown (ECF No. 167). On April 1, 2013, the magistrate judge granted Plaintiff a 30-day extension to serve Brown. (ECF No. 168).

On the summons filed on March 28th, Plaintiff listed an address in Greenville as Defendant Brown's and noted a phone number. (ECF No. 167-1). On April 5, without explanation, Plaintiff sent in a second summons for Defendant Brown listing another address for Brown in Anderson and noting the same cell phone number. (ECF No. 173). On May 16, 2013, the summons listing the Greenville address was returned by the USMS as having been executed, and the second summons listing the Anderson address was returned by the USMS as unexecuted with a notation that Defendant

Brown had already been served. (ECF Nos. 190, 191).

On May 14, 2013, the David T. Brown who was served with the complaint filed a motion for dismissal on the ground that he was not the David Brown that Plaintiff was attempting to sue. (ECF No. 187). On June 13, 2013, Plaintiff filed a response to the motion, acknowledging that the David Brown who was served was not the proper party, and agreeing that the court should grant the motion to dismiss. (ECF No. 199). On that same day, Plaintiff also filed a motion for the issuance of another subpoena for Defendant Brown, noting that Eldon Russ has the proper information for identifying the correct David Brown. (ECF No. 201). On September 12, 2013, the magistrate judge denied the motion on the ground that Plaintiff had not provided sufficient information to identify Defendant Brown, and noting that Plaintiff acknowledges that she does not have the contact information for Defendant Brown. (ECF No. 232).

On October 15, 2013, the magistrate judge filed a report and recommendation ("Report") recommending that Defendant Brown be dismissed sua sponte as a defendant in this action for Plaintiff's failure to timely serve him. (ECF No. 248). Plaintiff filed objections in which she states that the USMS was "given the correct phone number" and "their incompetence is not [her] problem." (ECF No.258).

Dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court. *Reinhold v. Tisdale*, C.A. No. 8:06–3311–MBS–BHH, 2007 WL 2156661, at *3 (D.S.C. April 30, 2007) (*citing Dimensional Communications, Inc. v. OZ Optics, Ltd.*, 218 F.Supp.2d 653, 655 (D.N.J.2002)), adopted by 2007 WL 2173368 (D.S.C. July 26, 2007). "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." *Id.* (*citing Curcuruto v. Cheshire*, 864 F.Supp. 1410, 1411

4

(S.D.Ga.1994)). Here, Plaintiff has failed to effectuate service within any reasonable time period and she has not provided sufficient information to accomplish service. Simply providing a cell phone number or referring the USMS to a third person is insufficient. *See Bowman v. Johnson*, C.A. No. 3:08-449-HEH, 2010 WL 1225693 (E.D. Va. March 26, 2010)(dismissing defendant because plaintiff, who provided USMS with phone number, failed to show diligent efforts to obtain defendant's address).

Moreover, she has failed to demonstrate good cause for another extension of the deadline to serve Defendant Brown. For a court to find good cause, a plaintiff must generally exercise reasonable diligence in trying to effect service. *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 n. 9 (D.Md.2001). In other words, good cause may be found where the plaintiff has "taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action." *Vincent v. Reynolds Memorial Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D.W.Va.1992).[3]

Plaintiff contends that the incompetence of the USMS is the cause of her failure to serve Defendant Brown. However, rather than the incompetence of the USMS, it is Plaintiff's own fault that Defendant Brown has not been served. The USMS served a David Brown at an address specifically provided by Plaintiff. Moreover, even after

---

[3]There is some authority for the proposition that good cause is not necessary for such an extension. *See Giacomo-Tano v. Levine*, No. 98–2060, 1999 WL 976481, at *2 (4th Cir. Oct.27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 98–2364, 1999 WL 957698, at *2 (4th Cir. Oct.19, 1999) ("[W]e believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary."). However, even if the court were to find good cause unnecessary, the mere fact that a court can extend the period does not mean it should. As discussed herein, Plaintiff has largely taken no steps to effectuate service on Defendant Brown.

5

finding out that the address she provided was incorrect, Plaintiff has made no apparent attempt to provide a proper address for Defendant Brown. Plaintiff now wants the USMS to serve Defendant Brown based solely upon a cell phone number. In these circumstances, Plaintiff bears the responsibility for the failure to effectuate service. *See Bowman v. Johnson*, No. 3:08CV449, 2010 WL 1225693, at *1 (E.D.Va. Mar.26, 2010); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate," service, but rather "[a]t a minimum . . . should attempt to remedy any apparent defects of which a plaintiff has knowledge").

Based on the foregoing, the court overrules Plaintiff's objections and adopts the Report. Accordingly, Defendant Dave Brown is dismissed without prejudice as a defendant in this action.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 19, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.